UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| BRENT WHITE,<br><br>Petitioner,<br><br>v.<br><br>RAYMON MONTEZ, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00796-MMD-MDC<br><br>ORDER |

## I. SUMMARY

Petitioner Brent White submitted a *pro se* Petition for Writ of Habeas Corpus (ECF No. 4 ("Petition")) under 28 U.S.C. § 2241. The Court ordered White to show cause why the Petition should not be dismissed without prejudice for failure to exhaust administrative remedies. (ECF No. 5 ("OSC").) Before the Court is White's response to the OSC. (ECF No. 9.)[1] The Court declines to waive exhaustion and dismisses the Petition.

## II. BACKGROUND

White was in custody at the Las Vegas Community Correctional Center under a federal conviction in the Southern District of Iowa. (ECF No. 4 at 1.) It appears that White is now in a halfway house. (ECF No. 9 at 2.) White asserts that the Bureau of Prisons ("BOP") failed to properly calculate and apply earned time credits. (*Id*. at 6.) He asserts that he earned 365 days of First Step Act time credits changing his projected release date and that he continued earning credits totaling an additional 280 First Step Act time credits. (ECF No. 4 at 6.)

///

[1]White filed a motion to extend time to file a response to the OSC. (ECF No. 8.) However, White filed his response to the OSC that same day, within the original deadline imposed by the Court. (ECF No. 9, 5.) The Court therefore will deny White's motion for an extension of time as moot.

The BOP maintains an administrative review process for inmate grievances that "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). This inmate grievance procedure involves three levels of review starting with the institution where the grievance occurred. *See id.* at § 542.13. If the inmate is dissatisfied with the first level of review, he or she may then appeal to the Regional Director and then to the General Counsel of the BOP. *See id.* at § 542.15. The decision by the General Counsel constitutes the final administrative decision by the BOP. *Id*. The specific procedures to be followed at each level of review as well as the timeframe in which the agency is required to respond to the grievances has been established by regulations. *See id.* at §§ 542.10 *et seq.*

In his Petition, White indicates that he has not filed a grievance or pursued an administrative remedy because he asserts that the issue is time sensitive. (ECF No. 4 at 2.) Even though Section 2241 does not contain an explicit exhaustion requirement, federal inmates are still required to exhaust their administrative remedies before seeking habeas relief or demonstrate they are entitled to waiver. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). The Court instructed White to show cause why his petition should not be dismissed without prejudice based on his failure to exhaust administrative remedies. (ECF No. 5.)

**III. DISCUSSION**

Here, White concedes that he has not exhausted his claim, but argues that "the available administrative channels would not provide timely relief." (ECF No. 9 at 2.) The exhaustion requirement can be waived "if pursuing those administrative remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) ). Other exceptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *See Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted) ).

The Court declines to find that the exhaustion requirement should be waived and accordingly, dismissal of this action is appropriate. Although it appears that White contacted residential reentry management personnel for clarification regarding application of his earned time credits, he did not pursue any other level of review. (ECF No. 9 at 2.) White does not argue that administrative remedies would be futile, inadequate or ineffective, that irreparable injury would result, or that administrative proceedings would be void. Moreover, waiving exhaustion where no exception to exhaustion applies would encourage inmates to deliberately bypass the BOP's administrative review process. *See Laing*, 370 F.3d at 1000. For these reasons, the Court dismisses the Petition without prejudice for failure to exhaust administrative remedies.

**IV. CONCLUSION**

It is therefore ordered that the Petition (ECF No. 4) is dismissed without prejudice.

It is further ordered that Petitioner's Motion to Extend (ECF No. 8) is denied as moot.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 24th Day of July, 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE